# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RONALD L. KOMAKHUK,

               Petitioner,

     v.

EINERSON, Superintendent,

               Respondent.

Case No. 3:25-cv-00115-SLG

## ORDER RE REPORT AND RECOMMENDATION

     Before the Court at Docket 1 is Petitioner Ronald L. Komakhuk's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). The petition was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 3, Judge Reardon issued his Report and Recommendation, in which he recommended that the petition be dismissed without prejudice. Petitioner responded with objections to the Report and Recommendation at Docket 4.

     The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2]

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Court has reviewed on Courtview the current status of Mr. Komakhuk's state criminal case. It appears that a hearing was recently held in that case on July 30, 2025; another hearing is scheduled for September 11, 2025; and trial is currently scheduled for November 3, 2025.

In his objection to the Report and Recommendation, Mr. Komakhuk takes issue with the Report's quotation about the forcible administration of medication. Mr. Komakhuk indicates he has never had a need for any medication for mental health issues. Mr. Komakhuk misunderstood the Magistrate Judge's Report. The Magistrate Judge was **not** quoting Mr. Komakhuk's petition; rather, he was quoting from a totally separate court case, cited in footnote 20 of the Report, *Bean v. Matteucci*, 986 F.3d 1128, 1135 (9th Cir. 2021). In that case, in contrast to Mr. Komakhuk's case, there was a challenge to the forcible administration of medication.

The Magistrate Judge recommended that the Court dismiss the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. On de novo review, the Court agrees with the analysis in the Report and Recommendation. Accordingly, the

---

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Case No. 3: 25-cv-00115-SLG, *Komakhuk v. Einerson*
Order re Report and Recommendation
Page 2 of 3

Case 3:25-cv-00115-SLG-KFR    Document 5    Filed 08/22/25    Page 2 of 3

Court adopts the Report and Recommendation, and IT IS ORDERED that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DISMISSED without prejudice. The Clerk of Court shall enter a final judgment accordingly. A Certificate of Appealability shall not issue because reasonable jurists could not debate whether this petition should have been resolved in a different manner.[4] Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 22nd day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3: 25-cv-00115-SLG, *Komakhuk v. Einerson*
Order re Report and Recommendation
Page 3 of 3
Case 3:25-cv-00115-SLG-KFR    Document 5    Filed 08/22/25    Page 3 of 3